NORTHWESTERN CONSOL. MILLING CO. v. GALBRAITH. †

(Circuit Court of Appeals, Eighth Circuit. May 7, 1914.)

No. 4061.

Appeal from the District Court of the United States for the District of Minnesota; Charles A. Willard, Judge.

Two actions by John P. Galbraith, as trustee in bankruptcy of Frank A. Witzig, against the Northwestern Consolidated Milling Company and George C. Christian & Company, respectively. Judgment for plaintiff in each case, and the defendants appeal. Reversed, and complaint dismissed.

William Furst, of Minneapolis, Minn., for appellant.

Walter H. Newton, of Minneapolis, Minn. (Frank Nye and W. W. Todd, both of Minneapolis, Minn., on the brief), for appellee.

Before SANBORN and CARLAND, Circuit Judges, and RINER, District Judge.

SANBORN, Circuit Judge. The trustee in bankruptcy of the estate of Frank A. Witzig recovered a decree and judgment for $502.10 and costs against the Northwestern Consolidated Milling Company, a corporation, on the ground that within four months from the filing of the petition in bankruptcy the company, which was a creditor of Witzig, received money and property of Witzig in payment of its claim against him when he was insolvent, that the transfer made by Witzig wrought a voidable preference, and that the company had reasonable cause to believe that it was intended thereby to give a preference. The trustee also recovered a decree and judgment for $299.39 and costs against George C. Christian & Co., a copartnership, on the same ground, and the alleged causes of action in these cases arose out of the same transaction. The defendants appealed.

† Rehearing denied October 12, 1914.

At the argument of the cases in this court counsel for all the parties conceded that the cases presented these two questions: Does the evidence in the record sustain the finding of the court below that Witzig was insolvent at the time he made the transfer to the defendants? Does the evidence in the record sustain the finding of the court below that either of these defendants, or any of their agents, at that time had reasonable cause to believe that it was intended by the transfer to give a preference? The evidence has been carefully read, digested, and considered, and the court is unanimous in the opinion that the first question should be answered in the affirmative and the second in the negative. The law governing these cases is free from doubt. The facts and circumstances proved are peculiar to these lawsuits, not likely to form a precedent for subsequent decisions, and the court refrains from burdening the reports with their recital. Other questions were presented and argued, but the conclusion announced renders them immaterial to the decision of the cases, and their discussion is therefore omitted.

Let the decrees and judgments below be reversed, and let the complaints be dismissed.